5248, 5249, 5250 and 5309.

(Court of Appeal, Parish of Orleans).

# J. WATTS KEARNEY AND SONS vs. GEORGE J. GLOVER ET AL.

1. A statement sworn to upon information and belief of the affiant evidences a compliance with Act 134 of 1906 with reference to "sworn statements."
2. A sworn statement which sets out in detail the dates and amounts of the several items of debits and of credits, and which discloses whether the claim is for the furnishing of material, or of labor or of both, evidences a compliance with the requirements of Act 134 of 1906 with reference to such "sworn statements."

Appeal from the Civil District Court, Division "E."

Hall, Monroe & Lemann, for plaintiff and appellee.

P. M. Milner, Saunders, Dufour & Dufour, H. M. Ansley, for defendants and appellants.

DUFOUR, J.—In this case, plaintiff, a furnisher of material to the main sub-contractor, sued the main contractor and his surety for a balance due by the main subcontractor. The main contractor thereupon called in warranty the main sub-contractor and the latter's surety and the last named surety in turn called in warranty its indemnitor. Judgment was rendered in favor of plaintiff against the main contractor and his surety, with like judgment over in favor of the said main contractor against the main sub-contractor's surety and with like judgment over in favor of the latter surety against its indemnitor. The main contractor, the surety on his bond and the surety on the bond of the main sub-contractor each prosecutes separate suspensive appeals and the in-

demnitor prosecutes a devolutive appeal. All appeals have been consolidated in this court. No briefs in support of the suspensive appeals have been filed and the respective attorneys for these appellants, at the hearing in this court, submitted the cause without argument and with the statement of their conviction that the judgment appealed from is correct and should be affirmed.

But the indemnitor denies the right of recovery and challenges the correctness of the judgment in plaintiff's favor on the ground that the "sworn statement" of the plaintiff's claim does not fulfill the requirements of Act 134 of 1906 in that the affidavit is based solely upon the information and belief of the affiant. The contention is not well founded, for all that the statute requires is a "sworn statement" without reference to whether the affidavit be based upon actual knowledge, or upon information and belief.

It is further claimed that there is no proof that the material which plaintiff furnished went into the construction of the building. However it is proved that such material was required for the construction of the building; that it was actually delivered there from time to time as needed during the progress of the work and that material of that identical character and quality was actually used in the construction of the building. This is such a **prima facie** showing, under our building laws, that the whole of the material was used in the construction of the building, as would cast upon defendant, as a matter of defense, the burden of proving what part, if any, of such material was not thus used or was diverted to other purposes.

There is no error in the judgment appealed from and it is affirmed.

April 3, 1911.

Rehearing refused, May 15, 1911.